Battle, J.
 

 It has been so often said by this Court'that
 
 what
 
 is the terminus of a call in a grant, is a matter of law, but that
 
 where it is to befov/nd
 
 is a matter of fact, that the proposition does not need the aid of any citation of authority for its support.
 

 In the case now before us, one of the calls of the grant under which the defendant claimed, is “ the head of Spellar’s creek,” which is certainly as much a natural object, as was the “ bottom of a savanna,” which was iecognised as such in
 
 Stapleford
 
 v.
 
 Brinson,
 
 2 Ired. Rep. 311. It was the duty of the Court then, to instruct the jury that, as a construction of law, “the head of Spellar’s creek” was one of the corners of the defendant’s tract of land, and it was the province of the jury to ascertain from the testimony, which might be given on the subject,
 
 wh&re
 
 that corner was situated. How was the location of'that natural object to be proved? We know of no
 
 *543
 
 method, and are unable to conceit of any other than that of the testimony of witnesses, who profess to be able to point it out and identify it. If the testimony of such witnesses is to be rejected upon the ground that it is the expression of a mere opinion, it seems to us that the identification of no natural object whatever, can be established by proof. In every case, what the witnesses may be prepared to state with respect to the identity of the object, will be obnoxious to the objection that it is only his opinion. If a river, creek, marsh, swash, swamp, savanna, mountain, cove or ridge be called for in a deed or grant, it cannot be identified by the instrument itself, but its location must in the very nature of things be pointed out by parol proof; that is by the testimony of witnesses who profess to know, and to be able to state where it is. The identity of some objects of these kinds, may be easily established, as in the case of Neuse river or the Pilot mountain, while in the case of small streams, or inconsiderable hills, the proof will be more difficult and uncertain, and sometimes the proof may fail altogether. But surely the difficulty of the proof can •be no reason why the testimony should be rejected as incompetent. In the case, now under consideration, one of the witnesses stated that there was a point which a man of judgment and observation could locate as the head of Spellar’s creek. Is there any principle of evidence to prevent his telling where it was, more than there was to prevent the identification of the small streams mentioned in the case of
 
 Hurley
 
 v. Morgan, 1 Dev. and Bat. Rep. 425 ? In that case, no person thought of objecting to the testimony of the witnesses, who were introduced to show that this or that stream' was the one meant in the call of the deed or grant, and yet the witnesses could not have given more than what was, in a certain sense, their
 
 opinions.
 
 In that sense,
 
 opinion
 
 is used in contradistinction to
 
 certain
 
 knowledge, but in law it cannot be applied to impressions made upon the senses of the witnesses, and which he is therefore permitted to testify to as facts. "When a person is called upon to identify a certain man, tree, river, or mountain, whom or which he has seen, his testimony will be as to a
 
 fact¡
 
 
 *544
 
 though he may be mistakeh®is to some very remarkable fact; mistakes have been known to occur in questions of that kind. The liability to mistake shows clearly that testimony, if taken in a sense opposed to certain knowledge, is only opinion, but in law, as it is opposed to the inference of the witness from facts deposed by others, or by himself, the testimony is not called the opinion, but the own proper knowledge of the witness, and as such, has always been deemed competent. See 1 Green, on Ev. sec. 440.
 

 Our conclusion is, that the witness, in the present case, was competent to state where the head of Spellar’s creek was, the plaintiff having the right to call other witnesses to prove that he was mistaken either by showing that it was elsewhere, or that the point where it was, when the grant was issued, could not be identified. As the judgment must be reversed, and a
 
 venire de novo
 
 awarded on account of the error in the rejection of this testimony, it is unnecessary for us to decide whether the surveyor, Mr. Spruill, was competent to testify as an expert in ascertaining the location of the head of Spellar’s creek.
 

 Per Curiam,
 

 Judgment reversed, and a
 
 vmi/re de novo..